UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD OLIVIER,<br>            Plaintiff,<br><br>     v.<br><br>NDEX WEST, LLC; AMERICA'S HOME SERVICING COMPANY, and Does 1-50 inclusive,<br><br>            Defendant. | 1:09-CV-00099 OWW GSA<br><br>ORDER RE DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT; AND MOTION TO EXPUNGE *LIS PENDENS* (DOCS. 7 & 8). |

### I.   INTRODUCTION

Before the court for decision is Defendant Wells Fargo Home Mortgage's motion to dismiss, or in the alternative for a more definite statement, and motion to expunge *lis pendens*. Docs. 7 & 8. At the time the complaint in this case was filed, Plaintiff was represented by Mitchell W. Roth of the law firm of M.W. Roth, PLC. That law firm has ceased operations, and the California Superior Court for the County of Los Angeles has assumed jurisdiction over Roth's practice. *See* Doc. 15.

A hearing on the pending motions was originally set for April 13, 2009, at which time Plaintiff appeared and expressed his desire to obtain new counsel. To permit Plaintiff a fair opportunity to secure new counsel, the hearing was continued to July 20, 2009. Doc. 19. Due to the unavailability of the court, the hearing was again continued to August 10, 2009. Counsel has

1  yet to file a notice of appearance on behalf of Plaintiff, nor
2  has Plaintiff filed any opposition to the pending motions.

## II. BACKGROUND

On December 12, 2008, Plaintiff filed suit against NDEX West, LLC ("NDEX"),[1] America's Home Servicing Company, and Does 1-50, inclusive. *See* Doc. 2, Ex. A (Complaint). Plaintiff seeks monetary damages and to enjoin foreclosure of real property located at 1155 Sorrel Avenue, Lemoore, California 93245. *Id*. at 7. The Complaint, originally filed in the California Superior Court for the County of Kings, Hanford Division, was removed by Wells Fargo Bank, N.A., erroneously sued as America's Home Servicing Company, pursuant to 28 U.S.C. § 1441(b) (permitting removal of any civil action founded on a claim or right arising under the "laws of the United States"), because Plaintiff asserted claims against the bank arising under various federal statutes. *Id*. at 2 (notice of removal).

The Complaint contains allegations that have been asserted against Defendant in numerous other lawsuits. *Id.* Plaintiff alleges that Defendant improperly commenced a non-judicial foreclosure against residential property owned by Plaintiff, *id*. at ¶8, in part because America's Home Servicing Company may not possess the original endorsed note, *id*. at ¶7. In the alternative, the Complaint alleges that Defendants "added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law."

---

[1] NDEX, which has not appeared in this or other cases, serves as an agent to initiate the foreclosure process. *See Ramos v. NDEX West, LLC*, 2009 WL 1675911, at *1 (E.D. Cal. June 1, 2009).

2

*Id.* at ¶17.

The Complaint asserts three causes of action.  First, under a claim entitled "Unfair Debt Collection Practices," Plaintiff alleges that Defendant violated California's Rosenthal Fair Debt Collections Practices Act ("R-FDCPA"), California Civil Code § 1788(e)-(f), the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  *Id.* at ¶¶ 19-21.  Second, in a claim entitled "Predatory Lending Practices," it is alleged that Defendant violated the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; "Reg Z," 12 C.F.R. § 226, et seq.; and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41-58.  *Id.* at ¶¶ 22-25. Finally, it is alleged that Defendant violated the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961, et seq., through attempts to collect unlawful debts, mail fraud, and prohibited interference with commerce, robbery, or extortion as defined under 18 U.S.C. § 1951.  *Id.* at ¶¶ 26-30.

Plaintiff does not specify which sections of these various laws he contends were violated, nor does he describe the conduct that allegedly caused the violations.

### III. STANDARD OF DECISION

In deciding whether to grant a motion to dismiss, the court "accept[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party.  *Rodriguez v. Panayiotou*, 314 F.3d 979, 983

(9th Cir. 2002). A motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (citing *Twombly*, 550 U.S. 556-57). Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## IV. DISCUSSION

**A. Possession of the Original Note is Not a Prerequisite to Foreclosure.**

Plaintiff cites Uniform Commercial Code §§ 3-301 and 3-309 for the proposition that in order to enforce a note, one must be in possession of that note. Compl. at ¶17. Those provisions of the UCC pertain to negotiable instruments, not non-judicial foreclosure under deeds of trust, which is governed by California Civil Code section 2924, *et seq*. Section 2924(a)(1) provides that a "trustee, mortgagee or beneficiary or any of their

4

authorized agents" may conduct the foreclosure process. Cal. Civ. Code § 2924(a)(1). California courts have held that the Civil Code Provisions "cover every aspect" of the foreclosure process, *I.E. Assocs. v Safeco Title Ins. Co.*, 39 Cal. 3d 281, 285 (1985), and are "intended to be exhaustive," *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). There is no requirement that the party initiating foreclosure be in possession of the original note and courts have repeatedly held that possession of the original note is not a prerequisite to foreclosure. *See, e.g., Candelo v. NDEX West*, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No Requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); *Putkkuri v. ReconTrust Co.,* 2009 WL 32567, at *2 (S.D. Cal. Jan 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."). This claim is meritless and is DISMISSED WITH PREJUDICE.

B.   Unfair Debt Collection Practices Claim.

Plaintiff's first cause of action purports to assert claims for violations of the FDCPA, R-FDCPA, and RESPA. Plaintiff alleges that the "actions aforementioned," which include the initiation of foreclosure without possession of the original note and the addition of costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note, constitute violations of these laws.

First, FDCPA regulates only "debt collectors". See 15 U.S.C. §§ 1692(e)-(f). "Debt collector" is defined as "any

5

person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6).  "Debt Collector" does not include persons who collect debt "to the extent such activity ... (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person...." § 1692a(6)(F).  Nothing in the complaint suggests that U.S. Bank, which is the current beneficiary of Plaintiff's note and deed of trust, is not a "debt collector," nor has Plaintiff sued any debt collector. Therefore, the FDCPA is not triggered by Plaintiff's allegations.

The absence of a violation of FDCPA results in failure of Plaintiff's California R-FDCPA claim, as the scope of California's law mirrors the federal statute.  *See* Cal. Civil Code, § 1788, *et seq.*  Moreover, California Civil Code 2924(b) exempts the trustees' acts of recording and servicing the required notice of default and notice of sale from R-FDCPA's scope.

Plaintiff's RESPA claim is likewise unfounded.  RESPA primarily regulates charges and disclosures at or before the closing of a real estate sale or loan transaction.  It contains no private right of action regarding these disclosure requirements.  *See Bloom v. Martin*, 865 F. Supp. 1377, 1384-1385 (N.D. Cal. 1994), aff'd, 77 F.3d 318 (1996).  RESPA does contain some provisions governing mortgage loan servicers, e.g., 12 U.S.C. § 2605(a)-(d)(forbidding imposition of late fees on

6

payments made within 60 days of a loan's transfer to a new servicer), and § 2605(e)(requiring servicer respond to "qualified written requests" to correct a loan account or provide information).  Although Plaintiff alleges his attorney sent a letter to NDEX demanding a detailed accounting of all charges constituting the pay off demand for the note, this was sent to the foreclosure agent (NDEX), not the loan servicer.  The complaint does not allege any claims under RESPA.

Defendant's motion to dismiss the FDCPA, R-FDCPA, and RESPA claims is GRANTED WITHOUT LEAVE TO AMEND.

C.   **Predatory Lending Practices Claim.**

Plaintiff's second cause of action alleges that Defendants violated HOEPA, TILA, Reg Z, and FTCA.  *Id.* at ¶¶ 22-25.

There are two types of damages available under HOEPA and TILA:  statutory damages and rescission.  15 U.S.C. §§ 1635(f), 1640(a).  The statute of limitations for bringing a claim for statutory damages is one year from the date of the occurrence of the violation.  § 1640(e); *Fonua v. First Allied Funding*, No. C 09-497 SI, 2009 U.S. Dist. LEXIS 30195, at *11 (N.D. Cal. Mar. 27, 2009) (acknowledging that "[c]laims under HOEPA are governed by TILA's one year statute of limitations").  Here, Plaintiff entered into the challenged loan transaction on October 25, 2006.  There is no allegation in the complaint suggesting that any HOEPA/TILA violation would have accrued on a later date.  Therefore, the statute of limitations for any statutory damages

7

claim expired on October 25, 2007.  Plaintiff did not file this lawsuit until December 12, 2009, more than two years later.  Any damages claims under HOEPA or TILA are barred

In addition to damages, rescission may be available under HOEPA and TILA in some circumstances.  15 U.S.C. § 1635; 12 C.F.R. § 226.23.  To the extent rescission may apply here, any such claim is also time-barred.  The consumer's right to rescission is absolute only for a period of three days after the loan is consummated, 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3), unless the lender fails to provide "material disclosures" at the closing, in which case the period is extended to three years, 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)  There are no allegations in the complaint that the lender failed to make "material disclosures."  Therefore, the three-day limitations period applies.  As Plaintiff did not initiate this lawsuit within that time period, any rescission action is time barred.

Reg Z, 12 C.F.R. § 226.4(c)(2), interprets TILA by defining terms such as "finance charge."  Claims brought under Reg Z are subject to TILA's statute of limitations.  *See, e.g., Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 11990-91 (2009).  Therefore, Plaintiff's Reg Z claims are also time-barred.

Finally, Plaintiff's FTCA claim fails because there is no

8

private right of action under that statute.  "[P]rotection against unfair trade practices afforded by the [FTCA] vests initial remedial power solely in the Federal Trade Commission." *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).

Defendant's motion to dismiss the TILA, HOEPA, Reg Z, and FTCA claims is GRANTED WITHOUT LEAVE TO AMEND.

D.  RICO Claim

Finally, the third cause of action alleges that Defendant violated RICO, 18 U.S.C. §§ 1961, *et seq.,* through attempts to collect unlawful debts, mail fraud, and prohibited interference with commerce, robbery, or extortion as defined under 18 U.S.C. § 1951.  Compl. at ¶¶ 26-30.

Subsection (c) of 18 U.S.C. § 1962 provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

"A violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff must, of course, allege each of these elements to state a claim."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  "Racketeering activity" is any act indictable under several provisions of Title 18 of the United States Code, *Rothman v. Vetter Park Mgmt.*, 912 F.2d 315, 316 (9th Cir.1990),

9

and includes "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year," 18 U.S .C. § 1961(1)(A).

Subsection (5) of 18 U.S.C. § 1961 defines "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."  Section 1961 "does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J., Inc. v. N.W. Bell Tele. Co.,* 492 U.S. 229, 237 (1989).

"Section 1961(5) concerns only the minimum number of predicates necessary to establish a pattern; and it assumes that there is something to a RICO pattern beyond simply the number of predicate acts involved."  *H.J., Inc.*, 492 U.S. at 238.  A pattern in not formed by "sporadic activity."  *Id*. at 239.  The term pattern requires a relationship between predicates and the threat of continuing activity.  *Id.* at 238.  The factors of "continuity plus relationship [] combine[] to produce a pattern."  *Id*. at 239.

Fraud claims brought under RICO are subject to the particularity and specificity requirements of Federal Rule of Civil Procedure 9(b).  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393 (9th Cir. 1986).  Here, among other

10

1  things, Plaintiff fails to allege any nexus between Wells Fargo
2  and the commission of two or more acts constituting a pattern of
3  racketeering activity.  Plaintiff has, in fact, utterly failed to
4  allege the commission of two or more predicate acts by any named
5  party or third party.  Any such allegations must be specific as
6  to time, place, and nature.  *H.J. Inc.,* 492 U.S. at 241.
7       Defendant's motion to dismiss the RICO claim is GRANTED.

E.   Motion to Expunge the *Lis Pendens*.

A *lis pendens* is a recorded instrument that provides constructive notice of a pending lawsuit affecting title to certain real property and that ensures that any person who attempts to buy that property takes it subject to any judgment that may be entered.  *Bishop Creek Lodge v. Scira*, 46 Cal. App. 4th 1721, 1733 (1996).  The practical effect of a *lis pendens* is to "cloud title" to the property and prevent its transfer until the *lis pendens* is expunged.  *Id*.

Because of the potentially serious effects to the transferability of property, a *lis pendens* must be expunged if a plaintiff cannot establish the "probable validity" of its claim by a "preponderance of the evidence."  Cal. Code Civ. Pro. ("CCP") § 405.32.  "[T]he court shall order that the notice [of lis pendens] be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim."  *Id*.  The party opposing the motion to expunge has the burden of proving the "probable validity."  CCP § 405.30.  A claim has "probable validity" where

11

1  "it is more likely than not that the plaintiff will obtain
2  judgment against the defendant on the claim."  CCP at § 405.3.
3  The reviewing court is required to consider the relative merits
4  of the parties' positions and must decide whether plaintiff has
5  met his burden of establishing the probable validity of his
6  claims by a preponderance of the evidence.  *Loeb & Loeb v.*
7  *Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1120 (1985).
8  Here, where Plaintiff's complaint fails to state any claim upon
9  which relief may be granted, Plaintiff cannot establish the
10 probable validity of those claims.  Defendant's request for
11 expungement of the *lis pendens* is GRANTED.
12      Under CCP § 405.38, when a court orders a *lis pendens*
13 expunged, the order must direct that the prevailing party be
14 awarded reasonable attorneys' fees and costs.  This award is
15 mandatory, unless the Court finds that the opposing party acted
16 with substantial justification, or that other circumstances make
17 the imposition of attorneys' fees unjust.  *Id*.  Defendant
18 requests attorneys' fees in this case.  However, given that the
19 law firm involved in the serial filing of this and numerous
20 related lawsuits is no longer in operation, imposing fees upon a
21 probably uninformed Plaintiff already in financial distress would
22 be unjust.  Defendant's request for attorneys' fees is DENIED.
23 //
24 //
25 //
26 //
27 //
28 //

12

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for failure to state a claim is GRANTED and the *lis pendens* is EXPUNGED.  Plaintiff has not requested leave to amend.  Defendant's request for attorney's fees is DENIED.

SO ORDERED
DATED:   August 10, 2009
                                    /s/ Oliver W. Wanger____
                                    Oliver W. Wanger
                                    United States District Judge.